UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT A. FERRINI,

                                              Plaintiff,

v.                                                   Civil Action No. _____

ROBERT JAMES & ASSOCIATES, INC., and
ROBERT JAMES & ASSOCIATES ASSET
MANAGEMENT, INC.

                                              Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Robert A. Ferrini, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Robert James & Associates, Inc., is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6). The New York State Department of State corporations filing record indicates a registered address for Robert James & Associates, Inc. as 475 Ellicott Street, Apt. 401, Buffalo, New York, 14203.

6. Defendant, Robert James & Associates Asset Management, Inc., is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt

collector" as that term is defined by 15 U.S.C. §1692a(6). The New York State Department of State corporations filing record indicates a registered address for Robert James & Associates Asset Management, Inc. as 266 Elmwood Avenue, Suite 369, Buffalo, New York 14222.

7. Defendants regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants alleged in this Complaint were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff is unaware of what debt Defendants are attempting to collect. However, this debt will be referred to as "the subject debt."

11. Upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. Plaintiff has not received any written correspondence from Defendants regarding the subject debt, including the required notice under 15 U.S.C. §1692g.

13. Upon information and belief, Defendants were employed to collect on the subject debt by the original or subsequent creditor or are debt buyers collecting on the subject debt.

14. In or about May, 2011, Defendants began calling Plaintiff's neighbor in an attempt to collect on the subject debt from Plaintiff.

15. In or about May, 2011, Defendants left a message on Plaintiff's neighbor's home telephone answering machine. Plaintiff's neighbor played the message for Plaintiff. The message left on Plaintiff's neighbor's home telephone answering machine was the following:

> "...contacting you on behalf of the firm Robert James & Associates. The call pertains to a pending civil case A39217 filed against Robert Ferrini. Last four of the social security number 2601. Please have Mr. Ferrini contact my office either himself or his representing attorney would be greatly appreciated. My direct office line 716-748-7338."

16. During said message, as is reiterated in paragraph 15, Defendants also failed to give the required mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

17. Despite Defendants' statements, they had not been authorized to pursue legal action against Plaintiff, had not yet commenced legal action against Plaintiff, and did not intend to do so.

18. In or about May, 2011, Defendants' representative "Tom Waterhouse" spoke with Plaintiff's neighbor and represented himself to be an attorney when, in fact, he is not.

19. Prior to Defendants multiple calls to Plaintiff's neighbor and Defendants leaving said message on Plaintiff's neighbor's answering machine, Plaintiff's neighbor was unaware that Plaintiff allegedly owed a debt.

20. That as a result of Defendant' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692b(3) by contacting a third party for reasons other than to confirm or correct location information of the Plaintiff, by disclosing that the Plaintiff allegedly owed a debt, and by contacting a third party more than once without being requested to do so.

   B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(9) and 15 U.S.C. §1692e(10) by using the language as is reiterated in paragraph 15 which uses false, deceptive and misleading representations in an attempt to collect a debt, misrepresents the character and legal status of the alleged debt, threatens to take action that cannot legally be taken or that is not intended to be taken, and represents that there are official court documents in process when they are not.

   C. Defendants violated 15 U.S.C. §1692e and Defendant violated 15 U.S.C. §1692e(3) by falsely implying that its' representative was an attorney.

D.  Defendants violated 15 U.S.C. §1692e and 5 U.S.C. §1692e(11) by failing to give the mini-Miranda warning that a debt collector was calling in an attempt to collect a debt.

E.  Defendants 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect the alleged debt.

F.  Defendants violated 5 U.S.C. §1692g by failing to send Plaintiff the required 30-day validation notice.

23. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 24, 2011

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
kirving@kennethhiller.com